**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

JESUS EDUARDO ARAIZA SORTO,

Petitioner,

v. Case No. 2:26-cv-02609-MSN-atc

CHRISTOPHER BULLOCK,
New Orleans Field Office Director for
ICE Enforcement and Removal Operations,

Respondent.

---

## ORDER DIRECTING RESPONDENT TO FILE SUR-REPLY

---

On May 30, 2026, Petitioner Jesus Eduardo Araiza Sorto filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 ("Petition"), challenging his detention by Immigration and Customs Enforcement ("ICE") on both substantive and procedural due process grounds. (ECF No. 1.) According to the Petition, he had been declared removable *in absentia* by an immigration judge in May 2025 after he failed to appear at a scheduled hearing. Petitioner alleges, however, that he never received notice of that hearing. When he learned of the removal order in May 2026, he voluntarily surrendered to ICE.

After reviewing the Petition, the Court ordered Respondent to show cause why the writ should not issue. (ECF No. 11.) In his return, Respondent stated that Petitioner was removed to Mexico on June 9, 2026, and requested the Petition be dismissed as moot. (ECF No. 13.) Petitioner's reply, however, included new information related to his removal, including evidence that a motion to reopen his removal proceedings was received by the immigration court on June 1, 2026—eight days before Petitioner's removal. (ECF No 14-5 at PageID 121.) Based on that

evidence, Petitioner moved the Court to order Respondent to facilitate Petitioner's return to the United States. (ECF No. 14 at PageID 48.)

Under 8 U.S.C. § 1229a(b)(5)(C)(ii), an alien may seek recission of an *in absentia* removal order based on lack of notice by filing a motion to reopen "at any time" in the immigration court. That same provision makes clear that the filing of a motion to reopen "shall stay the removal of the alien pending disposition of the motion by the immigration court." *See also* 8 C.F.R. § 1003.23(b)(4)(ii) (implementing the same). Importantly, "[t]he stay is automatic. It operates by force of statute and regulation from the moment of filing; no agency removal is required." *Sanchez Cruz v. Mullin*, 833 F. Supp. 3d 785, 794 (E.D. Mich. 2026). Based on the information presently before the Court, Petitioner may have been removed from the United States in violation of federal law while his was habeas petition was pending.

Accordingly, Respondent is **DIRECTED** to file a sur-reply addressing that allegation in detail and whether the Court has jurisdiction to order Petitioner's return to the United States. Respondent shall include in his sur-reply (1) a discussion of *Sanchez Cruz* (cited above); (2) confirmation that a motion to reopen was filed before Petitioner's removal on June 9, 2026; and (3) if so, a declaration from an appropriate ICE official explaining why Petitioner was removed despite the automatic stay provision of 8 U.S.C. § 1229a(b)(5)(C)(ii). Further, Respondent should address what steps it can take to facilitate Petitioner's return if so ordered. *See, e.g.*, *Noem v. Abrego Garcia*, 604 U.S. ---, 145 S. Ct. 1017, 1018, 225 L.Ed.2d 655 (2025). The sur-reply shall be filed **within 14 days** of the date of this Order.

**IT IS SO ORDERED**, this 20th day of November, 2026.

*s/ Mark S. Norris*
MARK S. NORRIS
UNITED STATES DISTRICT JUDGE